UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | ) | |
|---|---|---|
| Beligh Sraieb, | ) | |
|         Plaintiff, | ) | Case No. 21-cv-04263 |
| | ) | |
| v. | ) | Honorable Matthew F. Kennelly |
| | ) | |
| Metra Northeast Regional Commuter Railroad Corp., | ) | |
|         Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS COUNT I, RULE 12(f) MOTION TO STRIKE CERTAIN REQUESTS IN PRAYER FOR RELIEF**

Plaintiff Beligh Sraieb, by and through his undersigned counsel, asks this Court to deny as moot Defendant Metra's motion to dismiss Count I of the Complaint for failure to state a claim and to deny as moot Defendant's motion to strike the requests for punitive, compensatory, and actual damages from Plaintiff's prayer for relief. In support of this motion, Plaintiff states as follows:

**A. INTRODUCTION**

1. Plaintiff Beligh Sraieb, is a locomotive engineer employed by Defendant. Defendant is Metra Northeast Regional Commuter Railroad Corporation, d/b/a METRA ("Metra"). Defendant is a commuter railway corporation that conducts business in Chicago, Illinois and its surrounding area. At all times relevant, Defendant employed Plaintiff.

2. After filing its answer, Defendant served a Motion to Dismiss and a Motion to Strike under Federal Rules of Civil Procedure 12(b)(6) and 12(f). (Dkt. 13, Dkt. 14)

3. Plaintiff files this response asking the court to deny defendant's motions as moot.

4. In his complaint, Plaintiff sued Metra for violations of 42 U.S.C. § 1981 for race discrimination and retaliation, and state supplemental law claims under the Illinois Human

Rights Act for ancestry and religious discrimination, hostile work environment and retaliation. (Dkt. 1)

## B. ARGUMENT

5. Plaintiff sought leave (unopposed) to file an amended complaint and attached his amended complaint to the motion. (Dkt. 17) The amended complaint replaces Plaintiff's § 1981 claim with a § 1983 claim. (Dkt. 17, Exhibit 1) As such, Plaintiff's amended complaint moots all issues raised by Defendant's FRCP Rule 12(b)(6) motion.

6. Plaintiff agrees with Defendant that, as a municipal entity created under the Regional Transportation Authority Act, 70 ILCS 3615/1.01 *et. seq.*, 42 U.S.C. § 1981 does not apply to municipal entities and, that, instead, 42 U.S.C. § 1983 applies to Defendant. *Campbell v. Forest Pres. Dist. Of Cook Cty. Ill.*, 752 F.3d 665, 671 (7th Cir. 2014). As such, he has amended his complaint to include counts raised under § 1983.

7. After filing his complaint and after Defendant filed its current motions, Plaintiff received his right to sue letter from the EEOC, giving him the ability to bring claims against Metra under Title VII of the Civil Rights Act of 1964. Plaintiff sought leave (unopposed) to file an amended complaint *instanter* and attached his amended complaint to the motion. (Dkt. 17) The amended complaint removes Plaintiff's state claims under the Illinois Human Rights Act and brings claims under Title VII. (Dkt. 17, Exhibit 1) Defendant's FRCP 12(f) Motion to Strike argues that pursuant to the Illinois Tort Immunity Act, Defendant is immune from the Illinois Human Rights Act, which allows for compensatory and actual damages. This issue is moot should the court grant Plaintiff's unopposed *instanter* motion.

## CONCLUSION

8. Plaintiff's Amended Complaint moots the issues raised in Defendant's Rule 12(b) Motion to Dismiss and Rule 12(f) Motion to Strike and, as such, this court should deny defendant's motion as moot and retain the case on the court's docket.

Respectfully submitted,

Dated: January 31, 2022

/s/ Christina Abraham
Christina Abraham, Esq.
Abraham Law and Consulting, LLC
161 N. Clark Street, Suite 1600
Chicago, IL 60601
(312) 588-7150
Christina.w.abraham@gmail.com

Janaan Hashim, Esq.
Amal Law Group, LLC
161 N. Clark Street, Suite 1600
Chicago, IL 60601
312-882-4122
jhashim@amallaw.com

*Counsels for plaintiff*

3