# EXHIBIT A

EEOC FORM 131-A (5/01)     U.S. Equal Employment Opportunity Commission

|  |  |
|---|---|
| BELIGH SRAIEB<br><br>Versus<br><br>NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION D/B/A METRA | PERSON FILING CHARGE<br>**BELIGH SRAIEB**<br><br>THIS PERSON *(check one or both)*<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br><br>EEOC CHARGE NO.:<br><br>FEPA CHARGE NO.: 2020CF1312 |

**NOTICE OF CHARGE DISCRIMINATION** IN JURISDICTION WHERE A FEP AGENCY WILL INITIALLY PROCESS
*(See the enclosed for additional information)*

THIS IS A NOTICE THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

[X] Title VII of the Civil Rights Act     [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act     [ ] The Equal Pay Act

HAS BEEN RECEIVED BY

[ ] The EEOC and sent for initial processing to _____ *(FEP AGENCY)*

[X] The    Illinois Department of Human Rights    and sent to EEOC for filing purposes.
                                          *(FEP Agency)*

While EEOC has jurisdiction (upon expiration of any deferral requirement if this is a Title VII or ADA charge) to investigate this charge, EEOC may suspend its investigation and await the issuance of the Agency's final findings and orders. These findings and orders will be given weight by EEOC in making its own determination as to whether reasonable cause exists to believe that discrimination has occurred.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency will be considered by EEOC when it reviews the Agency's final findings and orders. In many cases EEOC will take no further action, thereby avoiding the necessity of an investigation by both the Agency and EEOC. This likelihood is increased by your active cooperation with the agency.

As a party to the charge, you may request that EEOC review the final findings and orders of the above-named agency. For such a request to be honored, you must notify EEOC in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by EEOC. Regardless of whether the Agency or EEOC processes the charge, the Recordkeeping and Non-Retaliation provisions of the statutes as explained in the enclosed information sheet apply.

For further correspondence on this matter, please use the charge number(s) shown above.

Enclosure(s): Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION
[ ] RACE    [ ] COLOR    [ ] SEX    [X] RELIGION    [X] NATIONAL ORIGIN    [ ] AGE    [ ] DISABILITY    [ ] RETALIATION    [ ] OTHER

**See enclosed copy of charge of discrimination**

| Date | Name/Title of Authorized Official | Signature |
|---|---|---|
| January 13, 2020 | Julianne Bowman,<br>District Director | *Julianne Bowman* |

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy Act Statement before completing this form.

# 20M1120.10

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ IDHR | 2020 CF1312 |
| ☐ EEOC | |

## Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINT (indicate Mr. Ms. Mrs.) | TELEPHONE NUMBER (include area code) |
|---|---|
| Mr. Beligh Sraieb | (773) 710-5790 |

| STREET ADDRESS | CITY, STATE, ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 2971 Belle Ln. | Schaumburg, IL 60193 | July 18, 1974 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE, LIST BELOW)

| NAME OF RESPONDENT | NUMBER OF EMPLOYEES, MEMBERS +15 | TELEPHONE NUMBER (include area code) |
|---|---|---|
| Northeast Illinois Regional Commuter Railroad Corporation, d/b/a Metra | | (312) 322-8901 |

| STREET ADDRESS | CITY, STATE, ZIP CODE | COUNTY |
|---|---|---|
| 547 W. Jackson Blvd., Ste. 1400 | Chicago, IL 60661 | Cook |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL) |
|---|---|
| Religion and national origin | August 15, 2019; hostile work env't ongoing ☐ CONTINUING ACTION |

<u>S E E   A T T A C H E D</u>

IDHR INTAKE
NOV 20 '19 PM 8:20

Page 1 of 4

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME THIS 29th DAY OF October 2019. <br> *Belinda Harris* <br> NOTARY SIGNATURE |
|---|---|
| OFFICIAL SEAL <br> BELINDA HARRIS <br> NOTARY PUBLIC, STATE OF ILLINOIS <br> MY COMMISSION EXPIRES JUL 12, 2020 <br> NOTARY STAMP | X *Sraieb Beligh* 10-29-19 <br> SIGNATURE OF COMPLAINANT   DATE <br> I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that is is true to the best of my knowledge, information and belief |

EEO-5 FORM (Rev. 05/14-INT)

I. A. Issues/Basis

Denial of promotion—August 15, 2019, because of my religion, Islam

B. Prima Facie Allegations

1. My religion is Islam.

2. I applied and was interviewed for the position of Road Foreman of Engines in July 2019. This would have been a promotion over my current position of Locomotive Engineer.

3. I was performing my duties in a satisfactory manner and met the qualifications for the position. I began my employment with Respondent in October 2016.

4. After I applied for the position, Respondent removed and re-posted the job multiple times to lower the qualifications for the position.

5. The position was ultimately given to David Kinkade on August 15, 2019. Mr. Kinkade did not meet the qualifications for the position until after they had been lowered multiple times. Mr. Kinkade is not a Muslim; on the contrary, Mr. Kinkade has repeatedly made harassing and intimidating anti-Islamic remarks on social media of which Respondent was aware.

6. Since April 2017, including the Road Foreman of Engines position alleged in this Section, I have applied for thirteen vacancies with Respondent and been turned down for all of them. These include a Senior PTC Train Ops Engineer position that I applied for on October 7, 2019, and a Trainmaster position that I applied for on July 31, 2019, both of which were awarded to employees who are not Muslims.

II. A. Issues/Basis

Denial of promotion—August 15, 2019, because of my national origin/ethnicity, Arab

B. Prima Facie Allegations

1. My national origin (ethnicity) is Arab.

2. I applied and was interviewed for the position of Road Foreman of Engines in July 2019. This would have been a promotion over my current position of Locomotive Engineer.

3. I was performing my duties in a satisfactory manner and met the qualifications for the position. I began my employment with Respondent in October 2016.

2

4. After I applied for the position, Respondent removed and re-posted the job multiple times to lower the qualifications for the position.

5. The position was ultimately given to David Kinkade. Mr. Kinkade did not meet the qualifications for the position until after they had been lowered multiple times. Mr. Kinkade is not an Arab; on the contrary, Mr. Kinkade has repeatedly made harassing and intimidating anti-Islamic remarks on social media of which Respondent was aware

6. Other more qualified engineers who were persons of color also applied for the Road Foreman of Engines position in July 2019 and were also bypassed in favor of Mr. Kinkade.

7. Since April 2017, including the Road Foreman of Engines position alleged in this Section, I have applied for thirteen vacancies with Respondent and been turned down for all of them. These include a Senior PTC Train Ops Engineer position that I applied for on October 7, 2019, and a Trainmaster position that I applied for on July 31, 2019, both of which were awarded to employees who are not Arab.

III. A. Issues/Basis

Hostile work environment—for at least the past 300 days because of my religion, Islam

B. Prima Facie Allegations

1. My religion is Islam.

2. Multiple coworkers have made harassing anti-Islamic remarks on multiple occasions over the past 300 days (and prior), both to my face, over the radio, and in social media.

3. Management has been aware of these incidents but has taken no action.

4. On the contrary, one of the perpetrators, David Kinkade, was promoted to Road Foreman of Engines despite management's knowledge of his anti-Isalmic social media posts (see sections I and II above).

5. The Road Foreman of Engines position to which Mr. Kinkade was promoted is directly supervisory over me.

6. As a result of the harassing, anti-Islamic remarks of my coworkers, and in particular since Mr. Kinkade's promotion and my EEO complaint about his anti-Islamic social media posts (see section IV below), I have suffered from anxiety and depression and find it nearly impossible to continue to work in such an environment.

3

IV. A. Issues/Basis

More onerous working conditions, August through October 2019, in retaliation for my internal complaint of discrimination and harassment over David Kinkade's promotion and anti-Islamic social media posts.

B. Prima Facie Allegations

1. On August 15, 2019, David Kinkade was promoted to Road Foreman of Engines, a position with direct supervisory authority over me. (See sections I and II above.)

2. On August 15, 2019, I telephoned District Superintendent Victor Flores and complained about Mr. Kinkade's promotion to the Road Foreman of Engines position despite his anti-Islamic social media posts. I told Mr. Flores that I did not feel safe working under the direct supervision of someone who professed hatred toward Muslims. Mr. Flores took no action.

3. The same day, August 15, 2019, I filed a complaint with Metra's EEO Department setting forth the same complaints as in my verbal complaint to Mr. Flores.

4. Almost immediately after I complained to both Mr. Flores and the EEO Department, my coworkers, including Mr. Kinkade, were all made aware that I had made the complaint.

5. Since that time, my coworkers have been instructed to ignore me and have done so. I have heard anonymous comments such as "EEO" over the radio. Respondent has been aware of this treatment and has not intervened.

6. Since filing my complaint, I have been subjected to more onerous working conditions. Specifically, I have been administered an operational test twice in the last two months—immediately before and after my recent vacation—that I ordinarily receive only three times a year, and the test has been administered by Mr. Kinkade.

4

# AMENDED CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See Privacy Act Statement before completing this form.

**AGENCY:** ☒ IDHR  ☐ EEOC

**CHARGE NUMBER:** 2020CF4449

**# 20M0619.02**

## Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (indicate Mr., Ms., Mrs.) | TELEPHONE NUMBER (include area code) |
|---|---|
| Mr. Beligh Sraieb | (773) 710-5790 |

| STREET ADDRESS | CITY, STATE, ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 2971 Belle Ln. | Schaumburg, IL 60193 | July 18, 1974 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE, LIST BELOW)

| NAME OF RESPONDENT | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE NUMBER (include area code) |
|---|---|---|
| Northeast Illinois Regional Commuter Railroad Corporation, d/b/a Metra | +15 | (312) 322-8901 |

| STREET ADDRESS | CITY, STATE, ZIP CODE | COUNTY |
|---|---|---|
| 547 W. Jackson Blvd., Ste. 1400 | Chicago, IL 60661 | Cook |

**CAUSE OF DISCRIMINATION BASED ON:**
Religion and national origin; Retaliation

**DATE OF DISCRIMINATION**
EARLIEST (ADEA/EPA) LATEST (ALL)
Latest: March 21, 2020; Earliest: August 15, 2019; hostile work env't ongoing
☒ CONTINUING ACTION

RECEIVED BY HD USPS FX MM
20 JUN 16 PM 12:01
DEPT. OF HUMAN RIGHTS INTAKE UNIT

S E E   A T T A C H E D

Page 1 of 4

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME
THIS 10 DAY OF June, 2020.

_[Notary signature]_
NOTARY SIGNATURE

**NOTARY STAMP:**
LISET GUILLEN-FLORES
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
September 11, 2022

X _[Signature]_ Beligh   6-10-2020
SIGNATURE OF COMPLAINANT   DATE

I declare under penalty that the foregoing is true and correct. I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I. A. Issues/Basis

Denial of promotion—August 15, 2019, because of my religion, Islam

B. Prima Facie Allegations

1. My religion is Islam.

2. I applied and was interviewed for the position of Road Foreman of Engines in July 2019. This would have been a promotion over my current position of Locomotive Engineer.

3. I was performing my duties in a satisfactory manner and met the qualifications for the position. I began my employment with Respondent in October 2016.

4. After I applied for the position, Respondent removed and re-posted the job multiple times to lower the qualifications for the position.

5. The position was ultimately given to David Kinkade on August 15, 2019. Mr. Kinkade did not meet the qualifications for the position until after they had been lowered multiple times. Mr. Kinkade is not a Muslim; on the contrary, Mr. Kinkade has repeatedly made harassing and intimidating anti-Islamic remarks on social media of which Respondent was aware.

6. Since April 2017, including the Road Foreman of Engines position alleged in this Section, I have applied for thirteen vacancies with Respondent and been turned down for all of them. These include a Senior PTC Train Ops Engineer position that I applied for on October 7, 2019, and a Trainmaster position that I applied for on July 31, 2019, both of which were awarded to employees who are not Muslims.

II. A. Issues/Basis

Denial of promotion—August 15, 2019, because of my national origin/ethnicity, Arab

B. Prima Facie Allegations

1. My national origin (ethnicity) is Arab.

2. I applied and was interviewed for the position of Road Foreman of Engines in July 2019. This would have been a promotion over my current position of Locomotive Engineer.

3. I was performing my duties in a satisfactory manner and met the qualifications for the position. I began my employment with Respondent in October 2016.

4. After I applied for the position, Respondent removed and re-posted the job multiple times to lower the qualifications for the position.

5. The position was ultimately given to David Kinkade. Mr. Kinkade did not meet the qualifications for the position until after they had been lowered multiple times. Mr. Kinkade is not an Arab; on the contrary, Mr. Kinkade has repeatedly made harassing and intimidating anti-Islamic remarks on social media of which Respondent was aware

6. Other more qualified engineers who were persons of color also applied for the Road Foreman of Engines position in July 2019 and were also bypassed in favor of Mr. Kinkade.

7. Since April 2017, including the Road Foreman of Engines position alleged in this Section, I have applied for thirteen vacancies with Respondent and been turned down for all of them. These include a Senior PTC Train Ops Engineer position that I applied for on October 7, 2019, and a Trainmaster position that I applied for on July 31, 2019, both of which were awarded to employees who are not Arab.

III. A. Issues/Basis

Hostile work environment—for at least the past 300 days because of my religion, Islam

B. Prima Facie Allegations

1. My religion is Islam.

2. Multiple coworkers have made harassing anti-Islamic remarks on multiple occasions over the past 300 days (and prior), both to my face, over the radio, and in social media.

3. Management has been aware of these incidents but has taken no action.

4. On the contrary, one of the perpetrators, David Kinkade, was promoted to Road Foreman of Engines despite management's knowledge of his anti-Isalmic social media posts (see sections I and II above).

5. The Road Foreman of Engines position to which Mr. Kinkade was promoted is directly supervisory over me.

6. As a result of the harassing, anti-Islamic remarks of my coworkers, and in particular since Mr. Kinkade's promotion and my EEO complaint about his anti-Islamic social media posts (see section IV below), I have suffered from anxiety and depression and find it nearly impossible to continue to work in such an environment.

3

IV. A. Issues/Basis

    More onerous working conditions, August through October 2019, in retaliation for my internal complaint of discrimination and harassment over David Kinkade's promotion and anti-Islamic social media posts.

  B. Prima Facie Allegations

    1. On August 15, 2019, David Kinkade was promoted to Road Foreman of Engines, a position with direct supervisory authority over me. (See sections I and II above.)

    2. On August 15, 2019, I telephoned District Superintendent Victor Flores and complained about Mr. Kinkade's promotion to the Road Foreman of Engines position despite his anti-Islamic social media posts. I told Mr. Flores that I did not feel safe working under the direct supervision of someone who professed hatred toward Muslims. Mr. Flores took no action.

    3. The same day, August 15, 2019, I filed a complaint with Metra's EEO Department setting forth the same complaints as in my verbal complaint to Mr. Flores.

    4. Almost immediately after I complained to both Mr. Flores and the EEO Department, my coworkers, including Mr. Kinkade, were all made aware that I had made the complaint.

    5. Since that time, my coworkers have been instructed to ignore me and have done so. I have heard anonymous comments such as "EEO" over the radio. Respondent has been aware of this treatment and has not intervened.

    6. Since filing my complaint, I have been subjected to more onerous working conditions. Specifically, I have been administered an operational test twice in the last two months—immediately before and after my recent vacation—that I ordinarily receive only three times a year, and the test has been administered by Mr. Kinkade.

V. A. Issues/Basis

    Hostile work environment—since at least August 15, 2019, but for at least the past 300 days, in retaliation for filing an internal EEO complaint about the promotion of David Kincade after making Islamophobic remarks, and in retaliation for filing the original charge in this case with IDHR.

  B. Prima Facie Allegations

4

1. On August 15, 2019, David Kinkade was promoted to Road Foreman of Engines, a position with direct supervisory authority over me. (See sections I and II above.)

2. On August 15, 2019, I telephoned District Superintendent Victor Flores and complained about Mr. Kinkade's promotion to the Road Foreman of Engines position despite his anti-Islamic social media posts. I told Mr. Flores that I did not feel safe working under the direct supervision of someone who professed hatred toward Muslims. Mr. Flores took no action.

3. The same day, August 15, 2019, I filed a complaint with Metra's EEO Department setting forth the same complaints as in my verbal complaint to Mr. Flores.

4. Almost immediately after I complained to both Mr. Flores and the EEO Department, my coworkers, including Mr. Kinkade, were all made aware that I had made the complaint.

5. On about October 30, 2019, I filed the original charge in this case with the Illinois Department of Human Rights.

6. Since filing my internal EEO complaint and continuing after filing my charge in this case with IDHR, my coworkers have ostracized me and repeatedly made threatening and harassing comments. Respondent has been aware of this treatment and has not intervened and at times even encouraged it.

VI. A. Issues/Basis

Denial of leave after March 21, 2020, in retaliation for filing an internal EEO complaint about the promotion of David Kincade after making Islamophobic remarks, and in retaliation for filing the original charge in this case with IDHR.

B. Prima Facie Allegations

1. On August 15, 2019, David Kinkade was promoted to Road Foreman of Engines, a position with direct supervisory authority over me. (See sections I and II above.)

2. On August 15, 2019, I telephoned District Superintendent Victor Flores and complained about Mr. Kinkade's promotion to the Road Foreman of Engines position despite his anti-Islamic social media posts. I told Mr. Flores that I did not feel safe working under the direct supervision of someone who professed hatred toward Muslims. Mr. Flores took no action.

3. The same day, August 15, 2019, I filed a complaint with Metra's EEO Department setting forth the same complaints as in my verbal complaint to Mr. Flores.

5

4. On about October 30, 2019, I filed the original complaint in this case with the Illinois Department of Human Rights.

5. On March 21, 2020, while I was operating a train for Metra, a woman committed suicide by stepping in front of my train. This was obviously a very traumatic event, and I was diagnosed with PTSD following the event.

6. I requested paid leave to recover from the incident before returning to work, but my request was denied. I was told that I could take only three days off paid, and the rest would be unpaid leave. I am aware of other Metra employees who have suffered PTSD after similar suicide incidents who were given as much as six weeks of paid leave.

7. I was denied the paid leave on about March 21, 2020, in retaliation for my internal EEO complaint and for filing a charge with IDHR.

EEOC FORM 131-A (5/01)     U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| BELIGH SRAIEB<br><br>Versus<br><br>NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION, DBA, METRA | **PERSON FILING CHARGE**<br>**BELIGH SRAIEB**<br><br>THIS PERSON *(check one or both)*<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br><br>EEOC CHARGE NO.:<br><br>FEPA CHARGE NO.: 2020CF2649 |

**NOTICE OF CHARGE DISCRIMINATION** IN JURISDICTION WHERE A FEP AGENCY WILL INITIALLY PROCESS
*(See the enclosed for additional information)*

THIS IS A NOTICE THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

[X] Title VII of the Civil Rights Act     [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act     [ ] The Equal Pay Act

HAS BEEN RECEIVED BY

[ ] The EEOC and sent for initial processing to _____ (FEP AGENCY)

[X] The _____ Illinois Department of Human Rights _____ and sent to EEOC for filing purposes.
                *(FEP Agency)*

While EEOC has jurisdiction (upon expiration of any deferral requirement if this is a Title VII or ADA charge) to investigate this charge, EEOC may suspend its investigation and await the issuance of the Agency's final findings and orders. These findings and orders will be given weight by EEOC in making its own determination as to whether reasonable cause exists to believe that discrimination has occurred.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency will be considered by EEOC when it reviews the Agency's final findings and orders. In many cases EEOC will take no further action, thereby avoiding the necessity of an investigation by both the Agency and EEOC. This likelihood is increased by your active cooperation with the agency.

As a party to the charge, you may request that EEOC review the final findings and orders of the above-named agency. For such a request to be honored, you must notify EEOC in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by EEOC. Regardless of whether the Agency or EEOC processes the charge, the Recordkeeping and Non-Retaliation provisions of the statutes as explained in the enclosed information sheet apply.

For further correspondence on this matter, please use the charge number(s) shown above.

Enclosure(s): Copy of Charge

**CIRCUMSTANCES OF ALLEGED DISCRIMINATION**

[ ] RACE    [ ] COLOR    [ ] SEX    [ ] RELIGION    [ ] NATIONAL ORIGIN    [ ] AGE    [ ] DISABILITY    [X] RETALIATION    [ ] OTHER

**See enclosed copy of charge of discrimination**

| Date | Name/Title of Authorized Official | Signature |
|---|---|---|
| June 23, 2020 | Julianne Bowman,<br>District Director | *Julianne Bowman* |

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br>#21M0422.09 | AGENCY<br>☒ IDHR<br>☐ EEOC | CHARGE NUMBER<br>2021CF1621 |
|---|---|---|

### Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.)<br>Mr. Beligh Sraieb | TELEPHONE NUMBER (include area code)<br>(773) 710-5790 | |
|---|---|---|
| STREET ADDRESS<br>2971 Belle Ln. | CITY, STATE AND ZIP CODE<br>Schaumburg, IL 60193 | DATE OF BIRTH<br>07 / 18 / 1974<br>MM / DD / YYYY |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT<br>Northeast Illinois Regional Commuter Railroad Corporation, d/b/a Metra | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE NUMBER (include area<br>(312) 322-8901 |
|---|---|---|
| STREET ADDRESS<br>547 W. Jackson Blvd., Ste. 1400 | CITY, STATE AND ZIP CODE<br>Chicago, IL 60661 | COUNTY<br>Cook |

| CAUSE OF DISCRIMINATION BASED ON:<br><br>Retaliation | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA) LATEST (ALL)<br>October 2, 2020<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

### SEE ATTACHED

Dept. of Human Rights
INTAKE UNIT

APR 22 2021

RECEIVED

Page 1 of 2

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that the undersigned verily believes the same to be true. [735 ILCS 5/1-109]<br>x *Sraieb Beligh*    4-20-21<br>SIGNATURE OF COMPLAINANT    DATE |
|---|---|
| OFFICIAL SEAL<br>MARISOL AMOR<br>NOTARY PUBLIC STATE OF ILLINOIS<br>MY COMMISSION EXPIRES 09/27/21<br><br>NOTARY STAMP | (Notary, when preferred, or if not signing above under 735 ILCS 5/1-109 )<br>SUBSCRIBED AND SWORN TO BEFORE ME<br>THIS 20th DAY OF April, 2021<br>x *[signature]*<br>SIGNATURE OF NOTARY |

EEO-5 FORM (Rev. 12/2020-INT)

I. A. Issues/Basis

   Retaliation – threatened discipline – October 2, 2021

   B. Prima Facie Allegations

   1. I have a case pending against Metra at the IDHR, case no. 2020 CF 2649.

   2. On September 29, 2020, my attorney and I participated in a telephonic fact-finding conference with investigator Jose Alvarado that was also attended by Metra representatives Victor Flores, Dave Kinkade, and Dave Martinez, along with Metra's counsel.

   3. Just four days later, on October 2, 2020, I was notified by union representative Kyle Donzie that senior trainmaster Adam Farence had threatened to charge me with a schedule violation that allegedly occurred over two months earlier, on August 1, 2020, despite the requirement in Article 44, Part B of the labor agreement that requires discipline to be issued within ten days.

   4. Only after my counsel intervened did Metra reverse course and decline to issue the discipline.

II. A. Issues/Basis

   Retaliation – harassment – January 11, 2021

   B. Prima Facie Allegations

   1. I have a case pending against Metra at the IDHR, case no. 2020 CF 2649. Among the supervisors I have identified in that case (including in a fact-finding conference in September 2020) as having harassed and taken action against me on the basis of my nationality and religion is Senior Trainmaster Adam Farence.

   2. On January 11, 2021, I was given a form summarizing the results of an audit of my log of my hours of service by Farence, claiming that I had not completed the log properly.

   3. I have completed this log in the same way since I was first hired at Metra in October 2016. Metra supervisors have audited this log numerous times over the years, and January 2021 is the first time anyone has told me that I was doing it incorrectly. Farence had previously done observation rides (also known as Q 2.2) and had checked my hours of service logbook in the process, but never said anything about it being done incorrectly for all the years prior to my filing charges with IDHR.

2

4. I believe this drawing attention to procedural issues that Metra had never raised before is harassment in retaliation for my having named Farence as having discriminated against me.

3

EEOC FORM 131-A (5/01)    U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| BELIGH SRAIEB<br>Versus<br>NORTHEAST ILL REGIONAL CO | **PERSON FILING CHARGE**<br>**BELIGH SRAIEB**<br>THIS PERSON *(check one or both)*<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br>EEOC CHARGE NO.:<br>FEPA CHARGE NO.: 2021CF1621 |

**NOTICE OF CHARGE DISCRIMINATION** IN JURISDICTION WHERE A FEP AGENCY WILL INITIALLY PROCESS
*(See the enclosed for additional information)*

THIS IS A NOTICE THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

[X] Title VII of the Civil Rights Act     [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act     [ ] The Equal Pay Act

HAS BEEN RECEIVED BY

[ ] The EEOC and sent for initial processing to _____ *(FEP AGENCY)*

[X] The    Illinois Department of Human Rights    and sent to EEOC for filing purposes.
                 *(FEP Agency)*

While EEOC has jurisdiction (upon expiration of any deferral requirement if this is a Title VII or ADA charge) to investigate this charge, EEOC may suspend its investigation and await the issuance of the Agency's final findings and orders. These findings and orders will be given weight by EEOC in making its own determination as to whether reasonable cause exists to believe that discrimination has occurred.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency will be considered by EEOC when it reviews the Agency's final findings and orders. In many cases EEOC will take no further action, thereby avoiding the necessity of an investigation by both the Agency and EEOC. This likelihood is increased by your active cooperation with the agency.

As a party to the charge, you may request that EEOC review the final findings and orders of the above-named agency. For such a request to be honored, you must notify EEOC in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by EEOC. Regardless of whether the Agency or EEOC processes the charge, the Recordkeeping and Non-Retaliation provisions of the statutes as explained in the enclosed information sheet apply.

For further correspondence on this matter, please use the charge number(s) shown above.

Enclosure(s): Copy of Charge

**CIRCUMSTANCES OF ALLEGED DISCRIMINATION**
[ ] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN   [ ] AGE   [ ] DISABILITY   [X] RETALIATION   [ ] OTHER

**See enclosed copy of charge of discrimination**

| Date | Name/Title of Authorized Official | Signature |
|---|---|---|
| April 28, 2021 | Julianne Bowman,<br>District Director | *Julianne Bowman* |