IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BELIGH SRAIEB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21 C 4263 |
| ) | |
| NORTHEAST REGIONAL ) | |
| COMMUTER RAILROAD CORP., ) | |
| VICTOR FLORES, ADAM FLORENCE, ) | |
| and PATRICIA EMMANUEL, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The defendants in this case have moved to dismiss six of the eight claims in plaintiff Beligh Sraieb's complaint. Sraieb works for Metra, a local government agency, as a locomotive engineer. He was born in Tunisia, is Muslim, and self-identifies as Arab. He alleges he is the only Arab and the only Muslim engineer at Metra's Chicago Union Station District.

Sraieb alleges that during his employment at Metra, he has consistently been the object of offensive and harassing comments and actions regarding his religion, ethnicity, and national origin. He reported the harassment to the district superintendent, defendant Victor Flores, and to Metra's EEO department but says that no corrective action was taken, and the harassment continued. He also applied for several promotions for which he alleges he was qualified, but he got none of them, and they were awarded to less-qualified candidates. Sraieb also says that for certain posted

positions Metra took down the posting and revised it to lower the qualifications—to enable Metra to give the position to someone other than him, he says.

In 2019, Sraieb alleges, one of his harassers, named Kinkade, was promoted to become his supervisor. Sraieb told district superintendent Flores that he did not feel safe working under Kinkade. Sraieb alleges that Flores advised Kinkade that Sraieb had complained about him, and this caused Kinkade to harass him even more. Sraieb was also the object of harassment from others that referenced his complaint to the EEO office. After this, Sraieb alleges, he was assigned more onerous work than others in his department and was subjected to more frequent "operational tests" than others. He also says that Kinkade "gave the green light" to other co-workers to harass him and to retaliate against him. Later, when Kinkade was demoted after a recommendation from the EEO office (it's not clear if this had anything to do with Sraieb's complaint), other employees began to both threaten and shun Sraieb as a result and called him a terrorist. The harassment and retaliation against him increased in other ways as well.

Sraieb's amended complaint includes eight claims. Count 1 is a claim against Metra under 42 U.S.C. § 1983 and *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Sraieb alleges that Metra had a policy or practice of showing preferential treatment in hiring and promoting White persons over persons of color, particularly in management positions, *see* Am. Compl. ¶ 28, and (though less clearly alleged), a custom of allowing harassment and retaliation against Arab employees and employees who made workplace complaints, *see id.* ¶ 65. He alleges that this policy caused his injuries. Counts 2, 3, and 4 are claims under 42 U.S.C. § 1983 against Flores; Adam Farence, a supervisory Metra employee who allegedly

2

subjected Sraieb to differential treatment in 2019, 2020 and 2021; and Patricia Emanuel, Metra's EEO and Diversity Director, who Sraieb alleges had a practice of ignoring or dismissing discrimination complaints and worked to undermine his complaint in order to retaliate against him. Counts 5, 6, and 7 are claims against Metra under Title VII of the Civil Rights Act of 1964 for, respectively, race, religious, and national origin discrimination. Count 8 is a Title VII claim against Metra for maintaining a hostile work environment based on religion, race, and national origin. Count 9 is a claim against Metra for retaliation in violation of Title VII.

Metra has answered counts 6, 7, and 9 and has moved to dismiss the other claims against it for failure to state a claim upon which relief may be granted. The individual defendants have moved to dismiss the claims against them. On a motion to dismiss for failure to state a claim, a court takes the plaintiff's factual allegations as true, draws reasonable inferences in the plaintiff's favor, and assesses whether the plaintiff has asserted a plausible basis for relief. *Ashcroft v. Iqbal*, 556 US 662, 679 (2009); *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

1. **Count 1**

Metra has moved to dismiss count 1 on various grounds. The first is that Sraieb has not adequately alleged that his injuries were caused by a policy or custom of Metra, as required under *Monell* for Metra to be liable. Here are the paragraphs in Sraieb's complaint that address this point:

> 28. Upon information and belief, Metra employs a policy or practice of showing preferential treatment in hiring and promoting White or Caucasian employees over persons of color, particularly in management positions.
>
> . . .
>
> 63. Metra discriminated against Plaintiff when it selected other less qualified, non-Arab individuals for the promotions over Plaintiff.
>
> 64. Metra also discriminated and retaliated against Plaintiff when it subjected him to different terms and conditions of employment than other non-Arab employees. This includes, but is not limited to, overlooking Plaintiff for promotions and Metra permitting Plaintiff's harassers to create a hostile work environment for him and refusing to take the actions necessary to stop the on-going harassment.
>
> 65. Metra's policy or custom enabled its agents and employees to act with deliberate indifference to Plaintiff's constitutional rights, including, but not limited to, the following ways: Employees, including those in director and supervisory positions, actively worked to undermine Plaintiff's rights during the EEO complaint process, informed other employees of Plaintiff's complaints and encouraged them to harass Plaintiff, and used their positions to subject Plaintiff to different terms and conditions of employment than other non-Arab employees and employees who had not engaged in protected activity. Metra's policy was widespread and persistent, as indicated by the number of participants in Plaintiff's discrimination, retaliation and harassment.

Am. Compl. ¶¶ 28, 63-65.

The allegations in paragraph 28, on their face, cover only hiring and promotion. Thus that paragraph would address only the failure-to-promote contentions in Sraieb's complaint, not his hostile work environment contentions. Paragraph 28 is also—by itself at least—far too conclusory to satisfy federal pleading requirements. Sraieb has not pleaded "factual content that allows the court to draw the reasonable inference that the City maintained a policy, custom, or practice" that led to his constitutional injuries. *McCauley v. City of Chicago*, 671 F. 3d 611, 616 (7th Cir. 2011) (cleaned up). Paragraphs 63 and 64 concern only Metra's actions vis-à-vis Sraieb; they don't have

4

anything to say about a policy or custom that extended beyond him, which is required for liability to attach under *Monell*.

Paragraph 65, the key paragraph for present purposes, starts off *assuming* a policy rather than alleging one: the paragraph starts with the phrase "Metra's policy or custom," which has no antecedent in the amended complaint other than paragraph 28, the only other place in the complaint where a policy of Metra is referenced. The last sentence of paragraph 65 seems to be aimed at suggesting an inference from the nature of the alleged mistreatment of Sraieb—specifically the number of those who mistreated him—that this mistreatment itself would permit an inference that it was part of a wider policy or custom on Metra's part.

There may be situations in which the treatment of a single plaintiff is sufficient to plausibly indicate that the governmental entity was acting pursuant to a policy or custom, *see generally Phelan v. Cook County*, 463 F.3d 773, 789-90 (7th Cir. 2006), but this is not one of them, as least based on the claim as Sraieb has alleged it. What Sraieb must adequately allege, and ultimately show, is that his injuries were caused by "a widespread practice [of Metra] that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law . . . ." *Id.* at 789. Like the plaintiff in *Phelan*, Sraieb appears to rely on the proposition that a policy may be inferred from repeated actions that were directed at him and from the nature of those actions. But as the court stated in that case, "the word 'widespread' must be taken seriously. . . . The plaintiff must introduce evidence demonstrating that the unlawful practice was so pervasive that acquiescence on the part of policymakers was apparent and amounted to a policy decision." *Id.* at 790.

5

*Phelan* was, to be sure, a summary judgment decision, but there is nothing in Sraieb's allegations about the misconduct directed at him that would plausibly permit the various incidents to be "weave[d] . . . together into a cognizable policy." *Id.; see also Grieveson v. Anderson*, 538 F.3d 763, 774–75 (7th Cir. 2008) (four repeat incidents experienced by a single individual did not raise a triable issue regarding the existence of a widespread unconstitutional government practice). For this reason, the Court dismisses Count 1.

2. **Counts 2, 3, and 4**

The Court dismisses Counts 2, 3, and 4, with leave to amend. Each of these is a claim of race, national origin, and religious discrimination by an individual defendant. None of these claims, however, includes an allegation that the defendant acted because of Sraieb's race, national origin, or religion. The closest they come is a somewhat vague allegation that each of these defendants intentionally or with reckless disregard "violated Plaintiff's federally protected rights." Am. Compl. ¶¶ 69-70, 73-74, 77-78. That doesn't hit the mark. This defect may conceivably be cured by amendment of these claims, so long as Sraieb can allege, consistent with the requirements of Rule 11, that his race, national origin, and/or religion was a but-for cause of the defendants' actions. *See generally Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S. Ct. 1009, 1018 (2020).

3. **Counts 5 and 8**

Defendants seek dismissal of Count 5 and 8, claims under Title VII for race discrimination and a racially hostile work environment, on the basis that Sraieb failed to exhaust a race discrimination claim in administrative proceedings with the EEOC before

6

filing suit. *See* 42 U.S.C. § 2000e-5(b). His EEOC charge challenged the denial of a promotion "because of my national origin/ethnicity, Arab." Mot. to Dismiss, Ex. A at 3. This is sufficient to exhaust a claim for race-based discrimination. *Cf. St. Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987) (discrimination based on Arab ancestry constitute race discrimination under Title VII). The Court declines to dismiss Count 5.

On the hostile work environment claim, the EEOC charge premises it on Sraieb's Muslim religion. *See id.* at 4. But while that charge was pending, Sraieb filed a retaliation charge in which he described the pending hostile work environment claim as premised on "my nationality and religion." *Id. at* 14. Count 8, which is premised on Sraieb's national origin and race as well as his religion, is reasonably related to the original EEOC charge because it is premised on the same conduct. And despite the fact that the initial charge does not specifically reference national origin or race, because Sraieb in effect clarified this in his later charge and the charges were pending before the agency at the same time, an investigation of the current more broadly-based claim could reasonably be expected to grow out of the EEOC's investigation. *See Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019). The Court declines to dismiss Count 8 on this basis.

Count 8 also adequately alleges, for purposes of a motion to dismiss under Rule 12(b)(6), a hostile work environment sufficiently severe or pervasive to be actionable under Title VII. Sraieb alleges, among other things, denials of promotion; false reports about him; disparaging him by calling him a "snitch" who was not to be trusted; referencing his discrimination charges over Metra's radio communications system; making repeated offensive comments about his religion; and encouraging others to

7

retaliate against him and call him a terrorist. How this all measures up against the applicable standard may be the subject of a proper summary judgment motion, but Sraieb's factual allegations are sufficient to permit his claim to proceed.

## Conclusion

For the reasons stated above, the Court dismisses Counts 1, 2, 3, and 4 for failure to state a claim upon which relief may be granted but otherwise denies defendants' motion to dismiss [dkt. no. 27].

Date: June 9, 2022

_____
MATTHEW F. KENNELLY
United States District Judge